## LAND SETTLEMENT & DEVELOPMENT CORP. v. UNITED STATES.
### No. 389–52.

United States Court of Claims.
July 13, 1953.

Thomas O. Fleming, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

Plaintiff, a Philippine Government corporation, sues to recover the value of property owned by its predecessor, a Philippine Commonwealth corporation, and commandeered by the United States Armed Forces in the Far East between December 8, 1941 and May 31, 1942, and destroyed by such Armed Forces to prevent its falling into the hands of the Japanese.

Defendant has filed a motion to dismiss the petition on the ground that between 1942 and 1944 the Philippine Commonwealth Government existed in exile in the United States and that plaintiff through such Government in exile could have brought its suit during that time. From this circumstance, defendant urges that plaintiff always had access to our courts and the statute of limitations running against plaintiff's claim was not suspended because of the war in the Philippines. Defendant next urges that if we should hold that plaintiff did not have access to this court because of the war, plaintiff's petition which was filed on July 25, 1952, is barred by the statute of limitations, 28 U.S.C.A. § 2501, because such date is more than six years from September 2, 1945, 59 Stat. 1733, the date on which this court has held that the suspension of the statute of limitations was lifted. Marcos v. United States, 102 F.Supp. 547, 106 F.Supp. 172, 122 Ct.Cl. 641.

With respect to defendant's first contention, plaintiff points out that although it was a government corporation, it had the power to sue and be sued and that no power was reserved in the Philippine Government to maintain or defend in its own name actions on behalf of or against the plaintiff corporation. On the basis of the arguments and authorities relied on by plaintiff, we agree that the Philippine Government in exile could not have maintained this suit on behalf of plaintiff, and that the statute of limitations did not begin to run against

Joseph P. Tumulty, Jr., Washington, D. C., M. Joseph Matan, Washington, D. C., on the brief, for plaintiff.

668

plaintiff's claim until it had access to this court.

 Plaintiff contends that it did not have access to this court until December 31, 1946, the date of the President's Proclamation No. 2714, 50 U.S.C.A.Appendix, § 601 note, declaring World War II hostilities to be at an end. Plaintiff suggests that by deciding in the Marcos case, supra, that the statute of limitations' suspension was lifted on September 2, 1945, this court usurped the function of the political agencies of the Government by declaring that that date marked the end of hostilities. We considered this same argument in Sese v. United States, 113 F.Supp. 658, wherein we pointed out that in the Marcos case we had merely held that under all the revealed circumstances in that and similar cases, it appeared that Philippine claimants had access to the Court of Claims on and after September 2, 1945. We did not hold that all hostilities in the Philippines had ceased as of that date.

In view of our decision in the Sese case that the wartime suspension of the statute of limitations was lifted on September 2, 1945, plaintiff's petition herein is not timely and is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.